IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ROXANNE ANDLER,**
individually and on
behalf of others similarly situated
and the Proposed Wisconsin Rule 23 Class,

   Plaintiff,

  vs.

**ASSOCIATED BANC-CORP,**

   Defendant.

Case No.:3:11-cv-79

___

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND JURY TRIAL DEMAND**
___

  Plaintiff Roxanne Andler ("Plaintiff"), on behalf of herself and all others similarly situated, and on behalf of the members of the proposed Wisconsin Rule 23 Class, by and through her attorneys, Nichols Kaster, PLLP, brings this action against Defendant Associated Banc-Corp ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act and Wisconsin state law.  Plaintiff states the following as her claims against Defendant:

**PRELIMINARY STATEMENT**

  1. This case is about Defendant's systematic failure to pay its loan officers minimum wages and overtime pay due to its misclassification of these individuals as exempt from the minimum wage and overtime laws.

  2. Prior to sometime in late 2010, Defendant did not pay its loan officers for any overtime hours worked, and also failed to ensure its loan officers were paid minimum wages. Upon information and belief, it paid them on a commission basis, based on their sales.

3. Upon information and belief, sometime in late 2010 Defendant reclassified its loan officers as non-exempt and began paying them minimum wages and overtime pay.

4. Defendant's payment of these employees on a commission basis prior to the reclassification resulted in Defendant's failure to pay them proper minimum wages and/or overtime compensation for their hours worked.

5. Plaintiff brings this proposed collective and class action against Defendant on behalf of all individuals who have worked for Defendant as loan officers at any time three years prior to the filing of this Complaint until the date of the reclassification.

6. This action is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") for failure to pay federally mandated minimum wages and overtime compensation.

7. This action is also brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of Wisconsin state law, including but not limited to Wis. Stats. §§ 103.02 and 104.02, and Wis. Admin. Code §§ DWD 272.03 and DWD 274.03.

8. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, others similarly situated, and members of the proposed Wisconsin Rule 23 Class.

## PARTIES

**Plaintiff**

9. Plaintiff Roxanne Andler ("Plaintiff") is an adult resident of the State of Wisconsin. Plaintiff worked for Defendant as a loan officer at its office in Madison, Wisconsin from approximately November 2008 to June 2010.

10. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to the FLSA claims asserted in this action. Plaintiff's signed consent form is attached as Exhibit A.

11. Others have also signed consent forms to make claims in this action. See Exhibit B. Plaintiff anticipates that additional similarly situated plaintiffs will join as well.

12. Plaintiff and others similarly situated are current and former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13. Plaintiff and the proposed Wisconsin Rule 23 Class are current and former employees of Defendant within the meaning of Wis. Stat. §§ 103.001(5) and 104.01(2), and other applicable laws.

14. Plaintiff, others similarly situated, and members of the proposed Wisconsin Rule 23 Class have been employed by Defendant within the two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a) and Wis. Stat. § 109.09.

**Defendant**

15. Defendant Associated Banc-Corp ("Defendant") is a domestic corporation with its principal place of business in Green Bay, Wisconsin. It has approximately 291 branch locations in the states of Wisconsin, Illinois, and Minnesota.

16. Defendant operates in interstate commerce by, among other things, selling mortgage loan and other financial products in multiple states, including Wisconsin. Upon information and belief, its gross annual sales made or business done has been $500,000 or greater at all relevant times.

17. Defendant is an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendant has been and continues to be an "employer" within the meaning of the Wisconsin wage laws, specifically Wis. Stat. §§ 103.001(6) and 104.01(3). Defendant has employed and continues to employ "employees," including Plaintiff, within the meaning of the Wisconsin wage laws, specifically Wis. Stat. §§ 103.001(5) and 104.01(2).

## JURISDICTION AND VENUE

19. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

20. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, as Plaintiff's state and federal claims derive from a common nucleus of operative fact.

21. Venue is proper in the United States District Court, Western District of Wisconsin, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and because the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

22. Plaintiff, others similarly situated, and members of the proposed Wisconsin Rule 23 Class worked as loan officers for Defendant.

23. Defendant is a financial institution that, among other things, sells financial products to customers.

24. As loan officers, Plaintiff and other similarly situated individuals' primary duty was to sell mortgage loan products for Defendant.

25. They performed this duty from primarily inside the office.

26. The work performed by Plaintiff and those similarly situated is, and was, work directly related to mortgage sales and refinances.

27. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

28. The FLSA also requires covered employers, such as Defendant, to compensate all non-exempt employees minimum wages.

29. Defendant classified Plaintiff and others similarly situated as exempt and, upon information and belief paid them on a commission basis.

30. Defendant was aware, or should have been aware, that Plaintiff and those similarly situated performed work that required payment of minimum wages and overtime compensation.

31. Defendant's conduct was willful and in bad faith.

32. Defendant routinely suffered and permitted its loan officers to work long hours, and due to its policy of paying them on a commission basis, did not always pay them minimum wages.

33. Defendant also routinely suffered and permitted Plaintiff and others similarly situated to work more than forty (40) hours per week, and due to its policy of paying them on a commission basis, did not pay them all the minimum wages and overtime compensation they were due.

34. Defendant required Plaintiff and those similarly situated to work long hours to complete all of their job responsibilities.

35. Defendant was aware of the hours that Plaintiff and those similarly situated

worked. For instance, Plaintiff's supervisor was often aware of the time she and other loan officers arrived at and left the office because he was also present at the office and observed them working.

36. Moreover, Defendant set production goals for Plaintiff and those similarly situated. Defendant instructed its loan officers that they were expected to meet their production goals or risk termination. Defendant observed Plaintiff and those similarly situated working overtime hours to meet those production goals.

37. Defendant was also aware that its policy of classifying these employees as exempt and paying them on a commission basis resulted in pay periods where employees, due to low production, did not earn minimum wages. Defendant observed that when it issued their paychecks.

38. Upon information and belief, Defendant has received inquiries from loan officers about Defendant's failure to pay minimum wages and/or overtime pay.

39. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

40. Indeed, upon information and belief, sometime in the year 2010, Defendant reclassified its loan officers as non-exempt and started paying minimum wages and overtime pay.

41. Upon information and belief, Defendant has not compensated its loan officers the proper minimum wages or overtime pay prior to that reclassification.

42. Defendant operated under a scheme to deprive loan officers of minimum wages and overtime compensation by classifying them as exempt, and by failing to make, keep, and preserve records of their hours worked.

43. Plaintiff, on behalf of herself and other similarly situated current and former employees, brings this proposed collective and class action against Defendant on behalf of all individuals who have worked as loan officers at any time two years (under state law) and three years (under federal law) prior to the filing of this Complaint.

44. Plaintiff, as well as others similarly situated, were deprived of minimum wages and/or overtime pay they were guaranteed by law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

46. Plaintiff files this action on behalf of herself and all individuals similarly situated. The proposed Collective Class for FLSA claims is defined as follows:

> all persons who worked as a loan officers (or similar title) for Defendant at any time since three years prior to the filing of this Complaint until the date Defendant started paying them minimum wages and overtime pay in accordance with the law (the "FLSA Collective").

47. Plaintiff, and several opt-in plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

48. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

49. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay employees minimum wages and overtime compensation.

7

50. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

51. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the common policies and plans of Defendant of misclassifying these individuals as exempt, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## **WISCONSIN CLASS ACTION ALLEGATIONS**

52. Plaintiff, on behalf of herself and all members of the proposed Wisconsin Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

53. Plaintiff brings the remaining Counts on behalf of herself and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The proposed Wisconsin Rule 23 Class is defined as:

> all persons who worked as a loan officers (or similar title) for Defendant at any time since two years prior to the filing of this Complaint until the date Defendant started paying them minimum wages and overtime pay in accordance with the law (the "Wisconsin Rule 23 Class").

54. The persons in the Wisconsin Rule 23 Class are so numerous that joinder of all members of the proposed Wisconsin Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed in excess of fifty (50) individuals as loan officers in Wisconsin during the applicable limitations period. Plaintiff and the proposed Wisconsin Rule 23 Class have been equally affected by Defendant's violations of law.

55. There are questions of law and fact common to the proposed Wisconsin Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

   a. Whether Defendant improperly classified Plaintiff and the proposed Wisconsin Rule 23 Class as exempt from the minimum wage and overtime laws in violation of Wis. Stats. §§ 103.03 and 104.02, and Wis. Admin. Code §§ DWD 272.03, 272.12, and 274.03;

   b. Whether Defendant unlawfully failed to compensate Plaintiff and the proposed Wisconsin Rule 23 class their minimum wages and overtime pay.

   c. Whether Defendant employed Plaintiff and the proposed Wisconsin Rule 23 Class within the meaning of Wisconsin law;

   d. Whether Defendants maintained accurate records that are necessary and appropriate to enforce Wisconsin's minimum wage and overtime laws in violation of Wis. Admin. Code. § DWD 272.11;

   e. The proper measure of damages sustained by the proposed Wisconsin Rule 23 Class; and

   f. Whether Defendant should be enjoined from such violations in the future.

56. Plaintiff's claims are typical of those of the members of the Wisconsin Rule 23 Class. Plaintiff, like the other members of the proposed Wisconsin Rule 23 Class, was subject to Defendant's policies and practices of willfully failing to pay its employees for all hours worked by misclassifying them as exempt from the minimum wage and overtime laws. Plaintiff and members of the proposed Wisconsin Rule 23 Class have sustained similar injuries as a result of Defendant's actions – they were all denied minimum wages and/or overtime pay they should have received had they been properly classified.

57. Plaintiff will fairly and adequately protect the interests of the Wisconsin Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

9

58. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(b)(3).

59. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

60. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

61. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices that denied these employees their pay that was due.  There do not appear to be any difficulties in managing this class action.

62. Plaintiff intends to send notice to all members of the Wisconsin Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—MINIMUM WAGES AND OVERTIME UNDER FEDERAL LAW
**(Fair Labor Standards Act, 29 U.S.C. § 201, et seq.)**
*On Behalf of Plaintiff and the FLSA Collective*

63.  Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

64.  The FLSA, 29 U.S.C. § 206, requires employers to pay minimum wages to their employees. It provides that Plaintiff and those similarly situated were to be compensated at a rate of $5.15 per hour before July 24, 2007; $5.85 per hour from July 24, 2007 to July 23, 2008; $6.55 per hour from July 24, 2008 to July 23, 2009; and $7.25 per hour beginning July 24, 2009.

65.  The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

66.  Plaintiff and the FLSA Collective consistently worked more than forty (40) hours per week for Defendant.

67.  Defendant, pursuant to its policies and practices of classifying its loan officers as exempt, and paying them on a commission basis, did not pay Plaintiff and those similarly situated the minimum wages and/or overtime pay they were due for the hours they worked.

68.  The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

69.  Defendant also violated the FLSA by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, thus failing to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment.

70. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

## COUNT II—MINIMUM WAGES & OVERTIME UNDER STATE LAW
(Wis. Stats. §§ 103.001 et seq. and 104.001 et seq. and Wis. Admin. Code §§ DWD 272.001 et seq. and DWD 274.01 et seq. )
*On Behalf of Plaintiff and the Proposed Wisconsin Rule 23 Class*

71. Plaintiff, on behalf of herself and the proposed Wisconsin Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

72. Defendant has been, and continues to be, an "employer" to Plaintiff and the proposed Wisconsin Rule 23 Class under Wis. Stats. §§ 103.001(6) and 104.01(3).

73. Plaintiff and the proposed Wisconsin Rule 23 Class were "employees" under Wis. Stats. §§ 103.001(5) and 104.01(2).

74. The Wisconsin wage laws require employers such as Defendant to pay minimum wages to all non-exempt employees. Wis. Stats. §§ 103.02, 103.03, 104.02, 104.03, 109.03 and Wis. Admin. Code DWD § 272.03.

75. Pursuant to Wis. Admin. Code § DWD 272.03(1), Plaintiff and those similarly situated were to be compensated at a minimum rate of $7.25 per hour effective July 24, 2009. Prior to that it provides that Plaintiff and those similarly situated were to be compensated at a minimum rate of $6.50 per hour.

76. Defendant failed to pay Plaintiff and the proposed Wisconsin Rule 23 Class minimum wage for hours worked, as required by Wisconsin law

77. The Wisconsin wage laws require employers such as Defendant to pay overtime compensation at time-and-a-half to all non-exempt employees who work more than forty (40)

12

hours in a work week. Wis. Stats. §§ 103.02, 103.03, 109.03, and Wis. Admin. Code § DWD 274.03.

78. Plaintiff and the proposed Wisconsin Rule 23 Class regularly worked more than forty (40) hours per week for Defendant, but due to Defendant's policy of misclassifying them as exempt, did not receive proper overtime pay.

79. Defendant willfully failed and refused to pay Plaintiff and, on information and belief, members of the proposed Wisconsin Rule 23 Class proper minimum wages and/or overtime wages for hours worked.

80. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the proposed Wisconsin Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

81. Plaintiff and the proposed Wisconsin Rule 23 Class seek damages in the amount of their unpaid minimum wages, and unpaid overtime wages for all hours worked in excess of forty (40) per work week, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, prays for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiff and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiff's and the similarly situated employees' unpaid back wages at the applicable minimum wages and overtime rates;

d) Judgment against Defendant for violating the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and those similarly situated;

e) A finding that Defendant's violations of the FLSA are willful;

f) An amount equal to their damages as liquidated damages;

g) All costs and attorneys' fees incurred prosecuting this claim;

h) An award of prejudgment interest (to the extent liquidated damages are not awarded);

i) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j) Leave to amend to add additional state law claims; and

k) All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff as Class Representative, on behalf of herself and the proposed Wisconsin Rule 23 Class, prays for relief as follows:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Wisconsin Class and the appointment of Plaintiff as Class Representative and his counsel as Class Counsel;

b) Judgment against Defendant finding they misclassified Plaintiff and the Wisconsin Rule 23 Class as exempt;

c) Judgment against Defendant for Plaintiff's and the Wisconsin Rule 23 Class's unpaid back wages at the applicable minimum wages and overtime rates;

d) Judgment against Defendant for violating Wisconsin law by failing to maintain accurate time records of all the hours worked by Plaintiff and the Wisconsin Rule 23 Class;

e) All damages, liquidated damages, civil penalties, and prejudgment interest available;

f) All costs and attorneys' fees incurred prosecuting this claim;

g)  Leave to amend to add additional state law claims; and

h)  All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, those similarly situated, and members of the proposed Wisconsin Rule 23 Class demand a trial by jury.

Dated: January 28, 2011

NICHOLS KASTER, PLLP

*s/Timothy C. Selander*
Michele R. Fisher, MN Bar No. 303069
Tim C. Selander, MN Bar No. 0387016
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
T: (612) 256-3200
F: (612) 215-6870
E: selander@nka.com

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE COLLECTIVE AND CLASS