# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **JOEL WITTEMANN, RANDY UDELL, CAROL COUILLARD, MICHAEL LOOMIS, and TERRENCE O'NEIL,** individually and on behalf of the Class, and others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>**WISCONSIN BELL, INC.,**<br><br>      Defendant. | Court File No. <u>09-cv-440-slc</u> |

## ORDER GRANTING JOINT MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The parties to this action, having entered into a Joint Stipulation of Settlement dated November 18, 2010, and having applied to this Court for preliminary and final approval of the settlement and the terms thereof; this Court having granted preliminary approval of the settlement on January 14, 2011, and having directed notice of the settlement, its terms, and the applicable procedures and schedules to be provided to Settlement Class Members and Named and Opt-In Plaintiffs; this Court having held a final Fairness Hearing on March 11, 2011 to determine whether the Settlement Agreement should be granted final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as "fair, adequate and reasonable;" and all class and collective action members having been given an opportunity to comment on the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Joint Stipulation of Settlement, the parties' joint motion for final approval and memorandum of law in support, declarations, exhibits, and oral arguments in support thereof, and the proceedings in this

action to date, as follows:

1.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Joint Stipulation of Settlement.

2.      This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and the Defendant.

3.      This Court confirms as final all portions of its January 14, 2011 Preliminary Approval Order.

4.      The Notice of Settlement given to the Settlement Class and Plaintiffs, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process.

5.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval of the Joint Stipulation of Settlement and the settlement terms set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects. The Court further finds that the settlement is rationally related to the strength of Plaintiffs' claims given the Defendant's offer, the complexity, length, and expense of further litigation. The Court also finds that the settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant, after thorough factual and legal investigation, with no evidence of collusion.

6.      The Court further finds that the response of the Class to the settlement supports settlement approval. Of the 49 Settlement Class Members, 36 have submitted valid, timely claim forms. Of the 63 Named and Opt-In Plaintiffs, 63 submitted valid and timely claim forms. No Plaintiff or Settlement Class Member objected to the Settlement.

7. The Court finds that the settlement is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's January 14, 2011 Order, the settlement agreement, and the Notice.

8. The Court approves a "Total Settlement Payment" in the amount of $1,275,622.36. The Court further approves payments in the total amounts of $551,556.33 for the 63 Plaintiffs and $204,249.35 for the Rule 23 Class Members.

9. The Court finds that the proposed plan of allocating settlement proceeds is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement by which payments are to be calculated and made to the participating Settlement Class Members and Plaintiffs are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement.

10. The Court finds that the proposed incentive awards of $10,000 for each Named Plaintiff are reasonable and appropriate. The Court further finds that the Named Plaintiffs, three of whom are current employees of Defendant, took significant steps to protect the interests of the class, that the class reaped substantial benefits from their actions, and that the amount of time and effort the Named Plaintiffs expended in pursuing the litigation was extensive.

11. The Court approves payments from the Total Settlement Payment of $12,530.00 to the Settlement Administrator, Analytics, Incorporated, and finds this amount to be fair and reasonable.

12. The Court approves Class Counsel's petition for costs and attorney's fees, and finds that an award of attorney's fees in the amount of $425,207.45, which represents 33 1/3% of the Total Settlement Award, and costs in the amount of $22,079.23 is appropriate based on

Fed. R. Civ. P. 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

13.    The Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Plaintiffs and Class Members.

14.    The parties entered into the Joint Stipulation of Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and Settlement Class, individually or collectively, all such liability being expressly denied by Defendant.

15.    The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Joint Stipulation of Settlement.

Entered this 11th day of March, 2011.

Honorable Stephen L. Crocker
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD WILCOX and
RICHARD D. MORRIS
on behalf of themselves and
all others similarly situated,

                                        Case No. 3:09-CV-659

             Plaintiffs,

vs.

ALTERNATIVE ENTERTAINMENT, INC.,

             Defendant.

---

## ORDER GRANTING THE PARTIES JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' COUNSEL'S PETITION FOR COSTS AND ATTORNEY'S FEES

---

Based on the parties' submissions in support of their Motion for Preliminary

Approval of Class Action Settlement, and Class Counsel's Petition for Costs and

Attorney's Fees, as well as the record as a whole, IT IS ORDERED THAT:

(1)      Preliminarily approval of the Settlement Agreement is granted as the

Court finds that the settlement terms negotiated by the Parties and described in the

Settlement Agreement are a fair and reasonable resolution of a *bona fide* dispute

between Defendant Alternative Entertainment Inc. and all affected employees;

(2)      Plaintiff's are granted leave to file their Third Amended Complaint,

and the Third Amended Complaint attached as Exhibit D to the parties' Joint

Motion is accepted as filed;

(3)     Each of the Fed. R. Civ. P. 23 classes defined in the Settlement

Agreement is certified for settlement purposes pursuant to Fed. R. Civ. P. 23. The

Court finds that these classes meet the Fed. R. Civ. P. 23(a) and Fed. R. Civ. P.

23(b)(3) requirements. These Settlement Classes are defined as follows:

> The "Michigan Deduction Class" is defined as any and all
> persons employed by the Company in Michigan as a
> technician at any time during the period of October 29,
> 2006 through and including August 6, 2010;
>
> The "Michigan Overtime/Minimum Wage Class" is
> defined as any and all persons employed by the Company
> in Michigan as a COV or POV technician at any time
> during the period of October 29, 2006 through and
> including August 6, 2010;
>
> The "Wisconsin Deduction Class," is defined as any and
> all persons employed by the Company in Wisconsin as a
> technician at any time during the period of December 22,
> 2003 through and including August 6, 2010;
>
> The "Wisconsin Overtime/Minimum Wage Class" is
> defined as any and all persons employed by the Company
> in Wisconsin as a COV or POV technician at any time
> during the period of October 29, 2006 through and
> including August 6, 2010.

(4)     Richard Wilcox shall serve as representative of the Wisconsin

Overtime/Minimum Wage Class;

(5)     Richard Morris shall serve as representative of the Wisconsin

Overtime/Minimum Wage Class as well as the Wisconsin Deduction Class;

(6)     Dewey Stevenson shall serve as representative of the Michigan

Overtime/Minimum Wage Classes as well as the Michigan Deduction Class;

(7)     The law firms of Hawks Quindel, S.C., Axley Brynelson, LLP, and
Gingras, Cates & Luebke, S.C., are hereby appointed as class counsel for the above
certified classes;

(8)     The Court approves the Notice of Class Action Settlement attached as
Exhibit E to the parties' Joint Motion, and the Claim Form attached as Exhibit F to
the parties' Joint Motion.

(9)     The Court appoints Rust Consulting Services, Inc. as the settlement
claims administrator and approves the notice procedure as set forth in Section 3.2 of
the Settlement Agreement, including the claim, exclusion and objection procedures
set forth in paragraphs C through G thereto. The notice and notice procedure meet
the requirements of the federal law and due process, as it is the best notice
practicable under the circumstances and shall constitute due and sufficient notice to
all individuals entitled thereto.

(10)    Class Counsel's petition for costs and attorney's fees of $776,666.67, or
33.33% of the Maximum Settlement Amount of $2.33 million is approved, as the
Court finds the fee is reasonable and appropriate based on Fed. R. Civ. P. 23, and
applicable precedent from the United States Supreme Court and the Seventh
Circuit Court of Appeals;

(11)    The Court will conduct a fairness hearing at a date and time to be
determined by the Court, but in no event later than March 18, 2011.

3

Dated this ⟨6⟩th day of October 2010.

By:_____/S/_____

Honorable Barbara B. Crabb
U.S. District Court, Western District of Wisconsin

4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Steven Craig Kelly and Jack Clark,
individually and on behalf of others                    Case No. 08-cv-401
similarly situated,

         Plaintiffs,

v.

Bluegreen Corporation,

         Defendant.

## ORDER GRANTING FINAL APPROVAL OF FLSA SETTLEMENT AND DISMISSING CASE

**WHEREAS,** Plaintiffs Steven Craig Kelly ("Kelly") and Jack Clark ("Clark"), individually and on behalf of others similarly situated (collectively "Plaintiffs"), and Defendant Bluegreen Corporation ("Defendant") (collectively "the Parties") have moved for an order finally approving the terms of settlement in the above-captioned action for minimum wage and overtime compensation arising under the Fair Labor Standards Act of 1938 ("FLSA"), and dismissing the case in its entirety as to all parties, including Kelly, Clark, and all remaining 864 opt-in class members.

**WHEREAS**, having reviewed the Parties' Joint Motion For Final Approval Of FLSA Settlement And Dismissal Of Claims and the exhibits attached thereto ("Joint Motion"), and having reviewed the files, records, and proceedings in this action, the Court finds as follows:

1.     The settlement was reached through arm's-length bargaining;

2.     Sufficient investigation, discovery, and motion practice has been completed to enable the Parties, through their counsel, to make educated decisions regarding: (i) the strengths

and weaknesses of their respective positions; and (ii) the reasonableness of the terms of settlement in light of those respective strengths and weaknesses and the cost and risk of proceeding with litigation through trial;

3.      The Parties have at all times been represented by counsel familiar with this case and experienced in similar litigation;

4.      The Plaintiffs, including all opt-in class members, received a written Notice of Settlement, and were given 45 days to reject the settlement, if desired;

5.      The number of opt-in class members who have rejected the settlement, 11, is minimal when compared to the size of the class as a whole, 866 including Kelly and Clark;

6.      The terms and conditions of settlement set forth in the Joint Motion and the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute arising under the FLSA, and is in the best interest of the Parties in light of the foregoing, the likelihood of success on the merits, and the inherent risks and costs associated with proceeding with litigation through trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement such that all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.      Pursuant to the procedures for a collective action under the FLSA, and as otherwise required, this Court hereby **GRANTS FINAL APPROVAL** of the terms of settlement as set forth in the Joint Motion, Settlement Agreement, and the final settlement allocation appended to the Settlement Agreement as Exhibit A.

3.      The claims of the 836 opt-ins who returned a *timely* confirmation form accepting

2

the settlement and the amount allocated to them shall be dismissed with prejudice, and Defendant shall make payment to those individuals, which includes Kelly and Clark, in accordance with Paragraph B.6 of the Settlement Agreement and the final settlement allocation.

4.      The claims of the 12 opt-ins who returned an *untimely* confirmation form accepting the settlement, will, pursuant to Defendant's agreement, be treated by Defendant as having submitted the form timely, and Defendant shall make payment to those individuals in accordance with Paragraph B.6 of the Settlement Agreement and the final settlement allocation, provided that the untimely confirmation form was received by Plaintiffs' counsel prior to the date and time that the Parties filed their Joint Motion. The claims of these 12 opt-ins, whose names are set forth at footnote 11 of the Parties' Joint Motion, shall be dismissed with prejudice.

5.      The claims of the 11 opt-ins who rejected the settlement shall be dismissed without prejudice, and the statute of limitations shall be tolled for these 11 opt-ins for a period of 30 days from the earlier of: (i) the date Plaintiffs' counsel filed a Notice of Withdrawal of Claim for the rejecting opt-in; or, if no such Notice of Withdrawal of Claim has been filed; (ii) the date of this Order. The names of the 11 rejecting opt-ins are set forth at footnote 12 of the Parties' Joint Motion. The share of the Settlement Amount previously allocated to the 11 rejecting opt-ins will revert to Defendant, thereby reducing the Settlement Amount accordingly.

6.      The claims of the 7 opt-ins who did not respond to the Notice of Settlement, despite diligent efforts by Plaintiffs' counsel to secure a response, shall be dismissed with prejudice, with no payment to be made to the 7 opt-ins.     Defendant shall make a donation to a charity or charities of Defendant's choice in the aggregate amount allocated to the 7 opt-ins in the final settlement allocation.     The names of the 7 non-responding opt-ins are set forth at footnote 13 of the Parties' Joint Motion.

7.     The amount allocated to Plaintiffs' counsel for attorneys' fees, costs, and expenses related to settlement administration is reasonable, and Defendant shall make such payment in accordance with Paragraphs B.6(c) and C.2 of the Settlement Agreement.

8.     All required settlement payments shall be made within 20 days after issuance of this Order, pursuant to Paragraphs B.6 and C.2 of the Settlement Agreement.

9.     The Court approves and adopts the Release of Claims set forth in Paragraph D of the Settlement Agreement. Further, all named Plaintiffs and opt-in class members, with the limited exception of those 11 individuals who rejected the settlement, are hereby enjoined from prosecuting any settled claims against Bluegreen.

10.     The Court acknowledges that Defendant at all times denied any and all wrongdoing and liability, and that Defendant agreed to resolve this action solely to avoid the cost of continued litigation.

11.     Without affecting the finality of this Order, this Court retains continuing jurisdiction over the Parties and the construction, interpretation, implementation, and enforcement of the Settlement Agreement and over the administration and distribution of settlement benefits.

DATED: _October 30_, 2009

_Barbara B. Crabb_
Honorable Barbara B. Crabb
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Maurice James Sjoblom,
on behalf of himself and a class
of employees and/or former employees
similarly situated,

                Plaintiff,

     vs.                                     Case No. 07-C-0451-C

Charter Communications, LLC, and
Charter Communications (CCI), Inc.
(Fict Name), a/k/a Charter
Communications, Inc. (Corp Name),

                Defendants.

---

## FINAL ORDER

WHEREAS, the Parties have applied for an order finally approving the settlement of this litigation as stated in the Parties' Stipulation and Settlement Agreement (Doc. # 350-2) ("Settlement Agreement") which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of this litigation and for dismissal with prejudice of the litigation upon the terms and conditions set forth therein;

WHEREAS, this matter having come before the Court for a hearing on January 26, 2009 at 4:00 _____ pm for final approval of the settlement, as set forth in the Parties' Settlement Agreement, and due and adequate notice having been given to the Settlement Classes, and the Court having fully considered all papers filed and the proceedings related thereto and otherwise having been fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      All the terms used in this Order shall have the same meaning as defined in the Settlement Agreement. Accordingly, for purposes of this Order, and consistent with the Settlement Agreement, the term "Settlement Classes" collectively refers to the FLSA Class and the Wisconsin State Law Class, as fully defined in the Settlement Agreement.

2.      The Court has considered the pleadings and arguments made by the Parties in support of their Motion for Final Settlement Approval and for Final Class Certification and finds that the Settlement Classes are proper for purposes of this settlement and that the Court has jurisdiction over the subject matter of the claims and parties alleged in Plaintiff's Third Amended Complaint and the administration of the Parties' Settlement Agreement.

3.      The Court finds that notice to the Settlement Classes was properly effectuated, including the mailing of the Notice of Wage/Hour Class and Collective Action Settlement, Settlement Hearing, and Claims Procedure to Technicians Employed by Charter Communications, LLC or Charter Communications (CCI), Inc. (Fict. Name), a/k/a Charter Communications, inc. (Corp. Name) ("Class Notice") and the class Claim, Waiver and Release form attached as Exhibits 2 and 3 to the Settlement Agreement in conformity with the preliminary approval Order (Doc. # 353), along with individual notice to all members of the Settlement Classes who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances, as it provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the notice forms fully satisfied the

2

requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, due process, the United States Constitution and other applicable law.

4.    The Court finds that on August 29, 2008, counsel for Defendants mailed notices required by the Class Action Fairness Act of 2005 to the appropriate government representatives, and that no government representatives have filed objections to the Settlement Agreement or the terms therein.

5.    This Court approves the settlement set forth in the Settlement Agreement, including the settlement awards, released claims and other terms set forth therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate and binding on all members of the Settlement Classes who did not timely exclude themselves pursuant to the procedures set forth in the Settlement Agreement.    The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.  The Court directs the parties to effectuate the settlement according to the terms of the Settlement Agreement.  The parties agree to submit within 10 days of the Final Judgment entered by the Court a documents titled Agreed Upon Tax Procedures for *Maurice James Sjoblom v. Charter Communication, et al.* and a template of a letter to be sent to Authorized Claimants Regarding Settlement Services.

6.    The Court finds that the Wisconsin State Law Class is properly certified as a class, for purposes of settlement only, as separate lawsuits by settlement class members would create the risk of imposing incompatible standards of conduct on Defendants through inconsistent adjudications and because Defendants have acted on grounds generally applicable to the Wisconsin State Law Class, so that relief with respect to the

Wisconsin State Law Class as a whole is appropriate. The Court specifically finds, for purposes of settlement, that: (1) the Wisconsin State Law Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Wisconsin State Law Class; (3) the claims of the representative Plaintiff are typical of the claims of the Wisconsin State Law Class; and (4) the class representative will fairly and adequately protect the interests of the Wisconsin State Law Class. Further, the Court specifically finds, for purposes of settlement, that the Wisconsin State Law Class meets the predominance and superiority requirements of Rule 23(b), Fed. R. Civ. P.

7.    The Court finds that the FLSA Class is properly certified as a class, for purposes of settlement only, pursuant to Section 216(b) of the Fair Labor Standards Act. The Court specifically finds, for purposes of settlement, that the members of the FLSA collective action are similarly situated pursuant to Section 216(b) of the FLSA.

8.    The Court approves Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP as class counsel. The Court also approves Maurice James Sjoblom as the class representative.

9.    The Court approves Rust Consulting Inc. as Settlement Claims Administrator in the above-captioned matter. The Court specifically approves payment from the Settlement Proceeds to Rust Consulting Inc. in the amount of $21,372.00 as fair and reasonable.

10.    The Court approves an award of $12,691,508.32 in Settlement Cash Payments to the members of the Authorized Claimants, to be distributed to the Authorized Claimants pursuant to the allocation formula set forth in the Settlement Agreement.

11.     The Court approves an award of $3,223,039.97 to the Authorized Claimants in Settlement Services (before taking account of and making Cash Payments in Lieu of Settlement Services as appropriate), to be distributed to the Authorized Claimants pursuant to the terms of the Settlement Agreement.

12.     The Court finds that all members of the Settlement Classes have either: (a) submitted a timely Claim, Waiver and Release Form; or (b) failed to submit a timely Claim, Waiver and Release Form or Request for Exclusion Form, and therefore all members of the Settlement Classes are hereby deemed to have waived and released all claims included in and covered by the waiver and release included in the Settlement Agreement, which is incorporated in the Claim, Waiver and Release Form attached as Exhibit 2 to the Settlement Agreement, and incorporated by reference into this Final Order, and they and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "Wisconsin State Law Releasing Persons" and the "FLSA Releasing Persons" as defined in the Settlement Agreement) forever and completely release and discharge Defendants, and release and hold harmless the Released Persons as defined in the Settlement Agreement from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of the Wisconsin State Law Releasing Persons or FLSA Releasing Persons have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time up to and including the August 29, 2008 date the Court entered a Preliminary Approval Order.

13.    Specifically, all members of the Settlement Classes have acknowledged, understood, and agreed or are deemed to have acknowledged, understood, and agreed that they and the Wisconsin State Law Releasing Persons and the FLSA Releasing Persons have fully and completely released Charter Communications, LLC and Charter Communications (CCI), Inc. (Fict. Name), a/k/a Charter Communications, Inc. (Corp. Name) (collectively "Defendants"), and their past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of their past, present, and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, benefits plans sponsored or administered by Defendants, divisions, units, branches and any other persons or entities acting on their behalf (together with Defendants, the "Released Persons") from any and all wage-related claims, demands, rights, liabilities, expenses, and losses of any kind, that they and their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred at any time through and including August 29, 2008, whether in any way related to any of the facts or claims alleged in the above-captioned litigation or the negotiations leading to the settlement of the above-captioned litigation, as well as from the obligation to make any payment to any person, attorney, or law firm for attorneys' fees, expenses or costs incurred on their behalf, even if presently unknown and/or unasserted. The matters released include any and all wage-related claims of any kind based on any act or omission that occurred at any time through and including August 29, 2008, including but

6

not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29

U.S.C. § 201, et. seq, including any FLSA retaliation claims that could be brought; any

breach of contract claims; any state common law wage claims, including, but not limited

to claims of unjust enrichment and quantum meruit; any and all claims pursuant to or

derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any

claims for benefits under any benefit plans subject to ERISA that arise from any such

alleged failure; any claims brought under any wage-and-hour laws or wage-related claims

under other laws, and any other claims of any kind related to the Released Persons'

alleged failure to pay wages up to and including August 29, 2008, including but not

limited to wage-related claims under any of the following state statutes and regulations:

> Alaska Wage and Hour Act, A.S. §§ 23.10.050, et seq.; Arizona Revised
> Stat. §§ 23-350, et seq., and §§ 23-362, et seq.; Minimum Wage Act of the
> State of Arkansas, A.C.A. §§ 11-4-201, et seq.; all claims under all
> California wage orders, the California Labor Code, and other applicable
> statutes including, but not limited to California Labor Code Sections 201-
> 204, 212, 221, et seq., 226, 226.7, 400, et seq., 510, et seq., 512, 558,
> 1194, 2699, et seq., and 2802, Wage Order 4 of the Industrial Welfare
> Commission ("IWC") Wage Orders (8 Cal. ¶ Code Regs. §§ 11010, et
> seq.), the California Business & Professions Code § 17200 and Code of
> Civil Procedure §§ 1021.5 and 1542, and the California Private Attorney
> General Act; Colorado Minimum Wage Law, C.R.S. §§ 8-6-101, et seq.,
> and Colorado Minimum Wage Order Nos. 22-24, 7 C.C.R. 1103-1, C.C.H.
> 6-41, 801, et seq.; Connecticut Wage and Hour Law, C.G.S. §§ 31-51ii,
> C.G.S. §§ 31-58, et seq., C.G.S. §§ 31-70, et seq., and Connecticut
> Agency Regulation 31-60-10(a); Delaware Minimum Wage Act, 19 Del.
> C. §§ 901, et seq., and Wage Payment and Collection Act, 19 Del. C. §§
> 1101, et seq.; District of Columbia Minimum Wage Act, D.C. Code §§ 32-
> 1001, et seq.; Florida Statute §§ 448.01, et seq., the Florida Minimum
> Wage Act, Florida Stat. § 448.110, and Florida Constitution, Art. X, § 24;
> Georgia Minimum Wage Law, GA. Code, §§ 34-4-1, et seq.; Fair Labor
> Standards Act of Guam, Guam Code Ann. §§ 3101, et seq., §§ 3201, et
> seq.; Hawaii Wage and Hour Law, H.R.S. §§ 387-1, et seq., and §§ 388-1,
> et seq.; Idaho Hours Worked Act, I.C.A. §§ 44-1201, et seq., and
> Minimum Wage Law, I.C.A. §§ 44-1501, et seq.; Illinois Minimum Wage

Law, 820 I.L.C.S. 105/1, et seq., Illinois Wage Payment and Collection
Act, 820 I.L.C.S. 115/1, et seq., and 56 Ill. Admin. Code § 210.100;
Indiana Minimum Wage Law of 1965, Ind. Code §§ 22-2-2-1, et seq.;
Iowa Wage Payment and Collection Act, I.C.A §§ 91A.1, et seq.,
Minimum Wage Act, I.C.A § 91D.1, and 875 Iowa Admin. Code §§ 215-
217; Kansas Minimum Wage and Maximum Hours Law, K.S.A. §§ 44-
1201, et seq.; Kentucky Wages and Hours Laws, K.R.S. §§ 337, et seq.,
and 803 Ky. Admin. Regs. 1:005, et seq.; Louisiana Revised Stat. §§
23:631, et seq.; Maine Minimum Wages Laws, 26 M.R.S.A. §§ 601, et
seq., 26 M.R.S.A. §§ 621-A, et seq., and 26 M.R.S.A. §§ 661, et seq.;
Maryland Wage and Hour Law and Maryland Wage Payment and
Collection Law, Md. Code §§ 3-401, et seq., §§ 3-501, et seq.;
Massachusetts Minimum Fair Wage Law, G.L. c. 149 §§ 100, 148, et seq.,
151 §§ IA, et seq., and 455 C.M.R. §§ 2.01, et seq.; Michigan Minimum
Wage Law of 1964, M.C.L. 408.381, et seq.; Minnesota Fair Labor
Standards Act, Minn. Stat. §§ 177.21, et seq.; Mississippi Code Ann. § 71-
1-35; Missouri Revised Stat. §§ 290.010, et seq., and §§ 290.500, et seq.;
Montana Wages and Wage Protection Laws, §§ 39-2-301, et seq., §§ 39-3-
101, et seq., §§ 39-3-201, et seq., §§ 39-3-401, et seq., §§ 39-4-101, et
seq., and M.C.A. and Mont. Admin. R. 24.16. 1001, et seq.; Nebraska
Minimum Wages Act, Neb. Rev. Stat, §§ 48-1201, et seq., and Wage
Payment and Collection Act, Neb. Rev. Stat, §§ 48-1228, et seq.; Nevada
Compensation, Wages and Hours Laws, N.R.S. 608.005, et seq. and
Nevada Constitution, Art. 15, § 16; New Hampshire Minimum Wage Law,
R.S.A. 279:1, et seq.; New Jersey State Wage and Hour Law, N.J.S.A.
34:11-56a, et seq., and N.J. Admin. Code §§ 12:56-1.1, et seq.; New
Mexico Labor Conditions and Payment of Wages Laws and Minimum
Wage Act, N.M.S.A. §§ 50-4-01, et seq., and N.M. Admin Code §§
11.1.4.1, et seq.; New York Wage Payment Laws, N.Y. Lab. Law §§ 160,
et seq., §§ 190, et seq., and Minimum Wage Act, N.Y. Lab. Law §§ 650,
et seq., and Minimum Wage Orders, 12 N.Y.C.R.R. §§ 142-2.1, et seq.;
North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq.;
North Dakota Minimum Wages and Hours Laws, N.D.C.C. §§ 34-06-01,
et seq., and Minimum Wage and Work Conditions Order, N.D. Admin.
Code §§ 46-02-07, et seq., and any state or local law or policy relating to
unknown claims, including but not limited to N.D.C.C. § 9-13-02; Ohio
Minimum Fair Wage Standards Act, R.C. §§ 4111.01, et seq., and Ohio
Constitution, Art. II, § 34a; Oklahoma Protection of Labor Laws, 40 Okl.
St. Ann §§ 165.1, et seq., §§ 197.1, et seq., and Okla. Admin, Code §§
380:30-1-2, et seq.; Oregon Labor and Employment Laws, O.R.S. §§
652.010, et seq., O.R.S. §§ 653.010, et seq., and Oregon Administrative
Rules, O.A.S. 839-020-0010, et seq.; Pennsylvania Minimum Wage Act of
1968, 43 P.S. §§ 333.101, et seq., Wage Payment and Collection Law, 43
P.S. §§ 260.1, et seq., and 34 Pa. Code §§ 9.1, et seq., §§ 231.1, et seq.;
Puerto Rico Working Hours and Days Laws, 29 L.P.R.A. §§ 271, et seq.;
Rhode Island Minimum Wage Act, G.L. §§ 28-12-1, et seq.; South

Carolina Payment of Wages Act, S.C. Code, §§ 41-10-10, et seq.; South
Dakota Labor and Employment Laws, S.D.C.L. §§ 60-1-1, et seq., and any
state or local law or policy relating to unknown claims, including but not
limited to S.D.C.L. § 20-7-11; Tennessee Code Ann. §§ 50-2-101, et seq.;
the Texas Payment of Wages Act, Tex. Lab. Code Ann. §§ 61.001, et seq.,
Minimum Wage Act, Tex. Lab. Code Ann. §§ 62.001, et seq., and Texas
Payday Rules, 40 Tex. Admin. Code §§ 821.1, et seq.; the Utah Minimum
Wage Act, Utah Code Ann. §§ 34-40-101, et seq., and Utah Admin. Code
R610-1-1, et seq.; Vermont Wages and Medium of Payment Laws, 21
V.S.A. §§ 341, et seq., and 21 V.S.A. §§ 381, et seq.; Virginia Minimum
Wage Act, Va. Code Ann. §§ 40.1-28.8, et seq.; U.S. Virgin Islands Fair
Labor Standards Act and Wage Laws, 24 V.I. Code Ann., Chapter 1, §§ 1,
et seq.; Washington Labor Regulations, R.C.W. 49.12.005, et seq.,
49.28.010, et seq., 49.46.005, et seq., 49.48.010, et seq., and Washington
Minimum Wage Rules, WAC 296-126.001, et seq., WAC 296-128.010, et
seq.; West Virginia Safety & Welfare of Employees Act, W.Va. Code §
21-3-10a, Wage Payment & Collection Act, W.Va. Code §§ 21-5-1, et
seq., Minimum Wage and Maximum Hours Act, W.Va. Code §§ 25-5C-1,
et seq.; Chapters 103, 104, 109, and 111 of the Wisconsin Statutes,
Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code,
and any Wisconsin state breach of contract and common law wage claims,
including, but not limited to claims of unjust enrichment; and Wyoming
Minimum Wages, §§ 27-4-201, et seq., and Collection of Unpaid Wages,
§§ 27-4-501, et seq.

The released claims do not include claims for worker's compensation benefits that may

not be waived under applicable law.

14.    All members of the Settlement Classes further covenanted and agreed or

are deemed to have covenanted and agreed that since they settled disputed claims that,

except for the Settlement Proceeds the Authorized Claimants received pursuant to the

settlement of this above-captioned litigation, they will not accept, recover, or receive any

back pay, liquidated damages, other damages, penalties, or any other form of relief based

on any claims asserted, released or settled in the above-captioned litigation which may

arise out of, or in connection with any other individual, class, or any administrative

remedies pursued by any individual, federal, state, or local governmental agency against any of the Released Persons.

15. If any of the members of the Settlement Classes worked as a Technician for any of the Released Persons in California, they further covenanted and agreed or are deemed to have covenanted and agreed not to take any steps to initiate, file, or participate in any claim under the California Private Attorney General Act, California Labor Code section 2699, et seq. with respect to any claims for violation of the California Labor Code that allegedly arose during the time period of August 15, 2004 through and including August 29, 2008.

16. If any of the members of the Settlement Classes worked as a Technician for any of the Released Persons in California, they acknowledged or are deemed to have acknowledged, as required by California Civil Code section 1542, that if they worked for any of the Released Persons in California they may have claims related to the released claims above that are presently unknown and that the above release is intended to and will fully, finally, and forever discharge even such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above. Such members of the Settlement Classes acknowledged or are deemed to have acknowledged that they have been advised of California Civil Code Section 1542, they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter released herein, but agreed that they have taken that possibility into account in signing the release and that, notwithstanding the discovery or existence of any such additional or different facts, as to which they expressly assumed the risk, they freely and voluntarily gave the release set forth above.

17.     Should the waivers and releases provided above be ruled unenforceable for any reason, the members of the Settlement Classes have agreed or are deemed to have agreed to execute a valid release of equal scope.

18.     The Court has reviewed the waiver and release of claims set forth in the Settlement Agreement, which is incorporated into the Claim, Waiver and Release Form and stated above, and the Court finds these waivers and releases to be fair, reasonable and enforceable under the Fair Labor Standards Act ("FLSA"), Wisconsin and other applicable law.

19.     As of the date of the Court's execution of this Final Order, each and every released claim (as defined in the Settlement Agreement and the Claim, Waiver and Release Form) of each and every member of the Settlement Classes is and shall be deemed to be conclusively released as against the Released Persons and are forever barred and enjoined from prosecuting the released claims contained in the Settlement Agreement and the Claim, Waiver and Release Form against the Released Persons.

20.     All members of the Settlement Classes further covenanted and agreed or are deemed to have covenanted and agreed, as provided in the Settlement Agreement and the Claim, Waiver, and Release Form, that if they are current employees of either Defendant, they acknowledge, understand, and agree to: (1) comply with Defendants' payroll reporting policies and accurately report all working time; (2) immediately report to a designated representative for Defendants any instruction to work off-the-clock or otherwise to under or over report any working time; (3) not perform any off-the-clock work; and (4) contact a designated representative for Defendants if they have any questions about what is working time or have any complaints about their

pay.

21.     The Court approves Class Counsel's petition for costs and attorney's fees
and finds that an award of attorney's fees in the amount of $8,444,145.22 and costs in the
amount of $352,849.28 is appropriate based on Rule 23, Fed. R. Civ. P., and applicable
precedent from the United States Supreme Court and the Seventh Circuit Court of
Appeals.

22.     The Court hereby releases any lien that Attorney Kathleen A. Wagner or
Wagner Law Offices, S.C. may have over the attorneys' fees and costs awarded in this
matter.  By letter dated December 1, 2008, the Court was advised that Class Counsel and
Attorney Wagner successfully mediated the lien matter.  Any attorneys' fees and costs
due to Attorney Kathleen A. Wagner and/or Wagner Law Offices, S.C. related to the
above-captioned matter will be payable by Class Counsel from Class Counsel's Fees and
Costs.

23.     The Court approves the award of service payments to Plaintiff Maurice
James Sjoblom, to be provided to him in consideration for his executing the Full and
Complete Settlement Agreement and Release attached as Exhibit 4 to the Settlement
Agreement (Doc. # 350-2), in the amount of $112,010.00 as fair and reasonable based on
applicable precedent from the United States Supreme Court and the Seventh Circuit
Court of Appeals.

24.     The Settlement Agreement is not an admission by Defendants nor is this
Order and Final Judgment a finding of the validity of any claims in the above-captioned
Collective and Class Action or of any wrongdoing by Defendants.  Furthermore, the
Settlement Agreement is not a concession by Defendants and shall not be used as an

admission of any fault, omission or wrongdoing by Defendants. Neither this Order and/or the Final Judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendants, and shall not be offered in evidence in any action or proceeding against the Parties hereto in any Court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order. This Final Order, the Final Judgment, the Settlement Agreement and exhibits thereto, and any other papers and records on file in the Class Action may be filed in this Court or in any other litigation as evidence of the settlement by Defendants to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released and settled claims covered by this Order.

25.     Neither the terms of this Settlement Agreement nor the Settlement Proceeds paid to Named Plaintiff Maurice James Sjoblom or any Authorized Claimants shall have any effect on the eligibility or calculation of employee benefits of the Named Plaintiff Maurice James Sjoblom or Authorized Claimants. The Parties agree that any Settlement Proceeds paid to Authorized Claimants under the terms of this Settlement Agreement do not represent any modification of any Authorized Claimants' previously credited hours or service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan or other program or policy sponsored by Defendants.

13

26.    As provided by the Amended Stipulation and Protective Order for Disclosure of Confidential Information entered by the Court on April 25, 2008 (Doc. # 278) ("Confidential Information Protective Order"), all "Confidential Information" as defined in the Confidential Information Protective Order shall be returned by the Receiving Party to the Producing Party, or at the Producing Party's option, shall be destroyed by the Receiving Party and the Receiving Party shall certify to the Producing Party that all Confidential Information has been returned or destroyed within sixty (60) days after the termination of the above-captioned matter, including all appeals, unless the parties otherwise agree in writing.

27.    The parties shall make donations to charity consistent with the terms of the Settlement Agreement.

28.    The above-captioned Collective and Class Action is hereby dismissed with prejudice, provided however, and without affecting the finality of this Order in any way, this Court will retain continuing jurisdiction over: (a) interpretation, implementation and enforcement of the settlement; and (b) enforcement and administration of the Settlement Agreement.

29.    The hearing previously scheduled for February 13, 2009 will remain on the Court's calendar.    After said hearing this Court may make such orders as are appropriate, including amending the Final Order and Judgment.

Entered this 26th day of _____January_____, 2009.

BY THE COURT:

_Barbara B. Crabb_
Barbara B. Crabb
District Court Judge

14