IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROXANNE ANDLER,
individually and on behalf of others
similarly situated and the
Wisconsin Rule 23 Class,

          Plaintiff,

v.

ASSOCIATED BANC-CORP,

          Defendant.

Court File No. 3:11-cv-79

District Judge William M. Conley

---

### ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT

---

WHEREAS, the parties to this action, having entered a Stipulation of Settlement and Release of Claims dated September 15, 2011, and having applied to this Court for preliminary and final approval of the settlement and the terms thereof;

WHEREAS, this Court having granted preliminary approval of the settlement and having appointed Nichols Kaster, PLLP ("Nichols Kaster") as Class Counsel on October 4, 2011, and having directed notice of the settlement, its terms, and the applicable procedures and schedules to be provided to Settlement Class Members and Named and Opt-In Plaintiffs;

WHEREAS, this Court having set a final Fairness Hearing for January 19, 2012 to determine whether the Settlement Agreement should be granted final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as "fair, adequate and reasonable;"

WHEREAS, all class and collective action members having been given an opportunity to comment on the settlement;

1

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Stipulation of Settlement and Release of Claims, the parties' joint motion for final approval and memorandum of law in support, and Class Counsel's Petition for Attorneys' Fees and Costs, as well as all declarations, exhibits, and oral arguments in support thereof, and all proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Stipulation of Settlement and Release of Claims.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and the Defendant.

3. This Court confirms as final all portions of its October 4, 2011 Preliminary Approval Order.

4. The Notice of Settlement given to the Settlement Class and Plaintiffs, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval of the Stipulation of Settlement and Release of Claims and the settlement terms set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Rule 23 Class Members who did not timely opt out pursuant to the procedures set forth in this Court's October 4, 2011 Order, the settlement agreement, and the Notice.

6. The Court further finds that the settlement is rationally related to the strength of Plaintiffs' claims given the Defendant's offer, the complexity, length, and expense of further litigation.

7. The Court also finds that the settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs and Defendant, after thorough factual and legal investigation, with no evidence of collusion.

8. The Court further finds that the response of the Class to the settlement supports settlement approval. Of the 74 Settlement Class Members, 63 have submitted valid, timely claim forms. Of the 47 Named and Opt-In Plaintiffs, 47 submitted valid and timely claim forms. No Plaintiff or Settlement Class Member objected to the Settlement. No Class Member opted-out.

9. The Court finds that the proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement by which payments are to be calculated and made to the participating Rule 23 Class Members and Plaintiffs are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement. The Court further approves the revised settlement allocations, attached hereto as Exhibit A, which take into account the Court's award of attorneys' fees in the amount of thirty percent (30%) of the total settlement as opposed to the thirty-three percent (33%) requested by Class Counsel and contemplated by the Stipulation of Settlement and Release of Claims.

10. The Court finds that the proposed incentive award to the Named Plaintiff is reasonable and appropriate. The Court further finds that the Named Plaintiff took significant steps to protect the interests of the class, that the class reaped substantial benefits from her

actions, and that the amount of time and effort the Named Plaintiff expended in pursuing the litigation was significant.

11. The Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Plaintiffs and Class Members.

12. The Court finds that Class Counsel's petition for an award of attorneys' fees and cost is fair and reasonable and awards Class Counsel attorneys' fees in the amount of $382,500 (thirty percent (30%) of the total settlement) and costs in the amount of $8,660.12.

13. The parties entered into the Stipulation of Settlement and Release of Claims solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and Settlement Class, individually or collectively, all such liability being expressly denied by Defendant.

14. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Stipulation of Settlement and Release of Claims.

It is ORDERED this 24th day of January, 2012.

Honorable William M. Conley
United States District Court Judge